# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

DEVONTEA ROSEMON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 2:17-CV-927-RSL

ORDER DENYING MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255, MOTION TO EXCUSE PROCEDURAL DEFAULT, AND MOTION TO HOLD AN EVIDENTIARY HEARING

This matter comes before the Court on petitioner Devontea Rosemon's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody," Dkt. #1, his "Motion to Excuse Procedural Default," Dkt. #15, and his "Motion to Hold an Evidentiary Hearing on Plaintiff's 28 U.S.C. § 2255 Petition," Dkt. #16. For the following reasons, all three of petitioner's motions are denied.

On November 21, 2016, petitioner pleaded guilty to Conspiracy to Distribute Cocaine, Possession of a Firearm in Furtherance of a Drug Trafficking Crime, and Unlawful Possession of a Firearm. United States of America v. Devontea Rosemon, Case No. 2:16-cr-195-RSL-1 (W.D. Wash.) ("CR") at Dkt. #45. He waived his right to appeal his sentence under 18 U.S.C. 3742 and his right to bring a collateral attack against the conviction and sentence, "except as it may relate to the effectiveness of legal representation." Id. at 10-11. On March 3, 2017,

ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE - 1

petitioner was sentenced to 108 months. Id. at Dkt. #76. He filed a notice of appeal on March 15, 2017. Id. at Dkt. #80. He then filed a motion for voluntary dismissal of the appeal on May 5, 2017. United States of America v. Devontea Rosemon, No. 17-30043 (9th Cir.) at Dkt. #5. The Ninth Circuit dismissed the appeal on May 8, 2017. Id. at Dkt. #6. Petitioner's first motion under 28 U.S.C. § 2255 was filed on June 15, 2017. Dkt. #1. After multiple filings were returned as undeliverable, see Dkts. #6, #7, #10, #12, the Court issued a show cause order and ultimately dismissed the motion on September 28, 2017. Dkt. #11. The filings were returned because petitioner had transferred from FDC SeaTac to FCI Sheridan. The Court accordingly issued an order reopening the case on August 17, 2018. Dkt. #14.

Petitioner asserts that he is entitled to relief under 28 U.S.C. § 2255 on the ground of ineffective assistance of counsel, for three reasons. First, he argues that his defense counsel was ineffective in advising him to plead guilty to Conspiracy to Distribute Cocaine. Id. at 4-7. Second, he argues that she was ineffective in failing to raise a claim of "sentencing factor manipulation." Id. at 8-12, 15-18. Third, he argues that she did not properly investigate the charge of Possession of a Firearm in Furtherance of a Drug Trafficking Crime and wrongly advised him to plead guilty to it. Id. at 12-14.

1. **Procedural Default**

Preliminarily, the government argues that petitioner's claims are procedurally defaulted because he could have, but did not, raise this issue before the district court and/or on direct appeal. Dkt. #5 at 3-5.

In his "Motion to Excuse Procedural Default," petitioner explains that his appellate counsel and trial counsel are both from the Federal Public Defender's Office. Dkt. #15 at 11-12. Petitioner asserts that he informed his appellate counsel that he wished to file an ineffective assistance of counsel claim against his trial counsel. Dkt. #15 at 11. She refused to do so because "such a claim would be a claim against herself." Id. at 12. She then informed him that if he went ahead with his appeal on other grounds, the Ninth Circuit would likely hold that he had breached

ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE - 2

his plea agreement. Id. She indicated that he could file a motion to voluntarily dismiss his appeal, or she would withdraw from his case. Id. Petitioner claims that his appellate counsel did not inform him that he could still proceed with his appeal on a claim of ineffective assistance of trial counsel on a pro se basis. Had she done so, he would have pursued his appeal. Id. at 12-13.

Certainly, the fact that petitioner's trial counsel and appellate counsel are from the same office complicates his ability to bring an ineffective assistance of counsel claim. See generally Massaro, 538 U.S. at 507. Regardless, the Court need not reach the merits of petitioner's arguments, because his claims are not procedurally defaulted. In general, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504 (2003) (citing United States v. Frady, 456 U.S. 152, 167-168 (1982)). However, "a failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." Id. at 1696. In fact, the Ninth Circuit permits "ineffective assistance claims to be reviewed on direct appeal only in the unusual cases where (1) the record on appeal is sufficiently developed to permit determination of the issue, or (2) the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." United States v. Rahman, 642 F.3d 1257, 1259-60 (9th Cir. 2011) (citing United States v. Jeronimo, 398 F.3d 1149, 1155 (9th Cir. 2005)).[1]

## 2. Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel has two components. First, petitioner must show that his trial counsel's performance was "constitutionally deficient," i.e., it "fell below an objective standard of reasonableness." Williams v. Filson, 908 F.3d 546, 563 (9th Cir. 2018) (citing Strickland v. Washington, 466 U.S. 668, 687-88 (1984)). Second, petitioner must show

---

[1] Petitioner also asserts a claim of ineffective assistance of appellate counsel in his reply. Dkt. #17. The Court need not reach this claim. Petitioner's motion has not been held to be procedurally defaulted, and petitioner has not been prejudiced. Strickland v. Washington, 466 U.S. 668, 694 (1984).

ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE - 3

that his counsel's deficient performance prejudiced him. He must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (quoting Strickland, 466 U.S. at 694).

Counsel must have wide latitude to make tactical decisions, and judicial scrutiny of counsel's performance "must be highly deferential." Hedlund v. Ryan, 854 F.3d 557, 576 (9th Cir. 2017) (quoting Strickland, 466 U.S. at 689). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. (quoting Strickland, 466 U.S. at 689). In the context of that presumption, the Court must determine whether, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. (quoting Strickland, 466 U.S. at 690).

a. Guilty Plea to Conspiracy to Distribute Cocaine

Petitioner claims that his trial counsel was ineffective in advising him to plead guilty to Conspiracy to Distribute Cocaine after he had informed her that he never agreed with the supposed co-conspirator, Bobby Collins, "to further distribute the drugs once [he] had purchased them from him." Dkt. #1 at 5. Rather, he "paid cash on the barrelhead every time, no discounts, no credit, and no agreement about what [he] would do with the drugs once he received them from Mr. Collins." Dkt. #17 at 5. He alleges that his trial counsel advised him to plead guilty because a middleman like himself would be considered a co-conspirator, especially given that Collins was nearby when he delivered the drugs to the government informant. Id. at 6-7; Dkt. #1 at 5-6. Moreover, she believed that Collins would be pleading guilty to conspiracy. Dkt. #1 at 6. On her advice, petitioner pleaded guilty to Conspiracy to Distribute Cocaine. CR at Dkt. #45.

Conspiracy requires that the government prove that at least two persons had an agreement to commit the underlying offense. United States v. Lennick, 18 F.3d 814, 818 (9th Cir. 1994) (citing United States v. Hart, 963 F.2d 1278, 1283 (9th Cir. 1992)). "Simple knowledge, approval of, or acquiescence in the object or purpose of a conspiracy, without an intention and agreement to accomplish a specific illegal objective, is not sufficient." Id. (quoting United States

ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE - 4

v. Melchor-Lopez, 627 F.2d 886, 891 (9th Cir. 1980)). There must be proof of "an agreement to commit a crime other than the crime that consists of the sale itself." United States v. Loveland, 825 F.3d 555, 559 (9th Cir. 2016) (quoting Lennick, 18 F.3d at 819).

Petitioner is correct in that a showing that Collins knew that petitioner intended to redistribute the drugs is not sufficient. Dkt. #17 at 5-6; see United States v. Ramirez, 714 F.3d 1134, 1140 (9th Cir. 2013) ("To prove conspiracy, the government had to show more than that [the defendant] sold drugs to someone else knowing that the buyer would later sell to others. It had to show that [the defendant] had an agreement with a buyer pursuant to which the buyer would "further distribute the drugs."") (quoting Lennick, 18 F.3d at 319). However, an agreement may also "be inferred from the defendant's acts or from other circumstantial evidence." Lennick, 18 F.3d at 318 (citing United States v. Taren-Palma, 997 F.2d 525, 536 (9th Cir. 1993)); see United States v. Herrera-Gonzalez, 263 F.3d 1092, 1095 (9th Cir. 2001). Although "mere proximity to the scene of illicit activity is not sufficient to establish involvement in a conspiracy, a defendant's presence may support such an inference when viewed in context with other evidence." United States v. Thomas, 887 F.2d 1341, 1347-48 (9th Cir. 1989) (citing United States v. Penagos, 823 F.2d 346, 348 (9th Cir. 1987)). The present case concerns the buyer, not the seller, but Collins was present during the transactions. Moreover, Collins did eventually plead guilty to conspiracy. See United States of America v. Bobby Collins, 2:16-cr-195-RSL-2 (W.D. Wash.) at Dkt. #51. Counsel's advice to petitioner to plead guilty was not "outside the wide range of professionally competent assistance." Greenway v. Ryan, 856 F.3d 676, 685 (9th Cir. 2017) (quoting Strickland, 266 U.S. at 668).

b. Claim of Sentencing Factor Manipulation

Petitioner alleges that his trial counsel was deficient in failing to raise a claim of sentencing factor manipulation. Dkt. #1 at 8. He also argues that she failed to adequately review discovery in this regard, in part because of her travels out of state. Id. at 9-12.

ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE - 5

Sentencing manipulation "occurs when the government increases a defendant's guideline sentence by conducting a lengthy investigation which increases the number of drug transactions and quantities for which the defendant is responsible." United States v. Boykin, 785 F.3d 1352, 1360 (9th Cir. 2015) (citing United States v. Torres, 563 F.3d 731, 734 (8th Cir. 2009)). A defendant must show that "that the officers engaged in the later drug transactions solely to enhance his potential sentence." Id. (quoting Torres, 563 F.3d at 734). If a court finds that there was sentencing manipulation, a downward departure should be applied to the United States Sentencing Guidelines ("the Guidelines") range, as "such manipulation artificially inflates the offense level by increasing the quantity of drugs included in the relevant conduct." Id. (quoting Torres, 563 F.3d at 734-35). However, a court "may consider the full amount of drugs involved when law enforcement arranges multiple controlled drug purchases for legitimate investigatory reasons." Boykin, 785 F.3d at 1362 (citing United States v. Baker, 63 F.3d 1478, 1500 (9th Cir. 1995)). The issue, then, is whether "legitimate reasons existed for the investigation or whether it was solely intended to increase [the defendant's] sentence." Id.

Trial counsel did not raise a claim of sentencing manipulation in so many words, but she did request the Court in her sentencing memorandum to take into consideration the fact that the officers could have arrested petitioner after their first purchase of drugs or firearms. CR at Dkt. #69 at 16-17. At petitioner's sentencing hearing on March 3, 2017, the Court also asked the prosecutor to clarify how decisions were made to continue and then stop the investigation. CR at Dkt. #89 at 7. The prosecutor stated that it was continued in part to "get those firearms off the street so that they're sold to the ATF and not to his gang members." Id. at 8. He also stated that there was never any thought of enhancing petitioner's sentence under the Guidelines. Id. Trial counsel later raised the issue again, arguing that "it concerned [her] that the law enforcement officers were continuing to make purchases from him of drugs and guns," and that the continuation of the investigation did drive up his Guidelines range to a certain extent. Id. at 12.[2]

---

[2] Petitioner argues that the prosecution did not become aware of the fact that he had multiple guns in his possession until March 16, 2016, two months into the investigation. Dkt. #1 at 17. This is

Trial counsel's performance was not deficient, and petitioner is not entitled to relief on this ground. See Strickland, 466 U.S. at 687-88.

### c. Possession of a Firearm in Furtherance of a Drug Trafficking Crime

Petitioner did not assert this as a separate ground in his motion under § 2255, but he argues that his trial counsel was ineffective in failing to properly investigate the charge of Possession of a Firearm in Furtherance of a Drug Trafficking Crime, and in advising him to plead guilty to it. Dkt. #1 at 12-14; Dkt. #17 at 9-10. He argues that he had obtained the firearm only two hours prior to his arrest—well after the transaction had been arranged—and was only in possession of it because he had not had the chance to drop it off. He did not feel unsafe during these transactions and was not armed on any of the three prior occasions. Dkt. #1 at 13; Dkt. #17 at 9-10. He mentioned this to his trial counsel, but she informed him that when he obtained the firearm was not relevant. Id. On her advice, he pleaded guilty to the charge. CR at Dkt. #45. The gun was in his immediate possession and was loaded. CR at Dkt. #45 at 6.

The government did not respond to this argument. See Dkt. #5. Petitioner is correct in that evidence "that a defendant merely possessed a firearm at a drug trafficking crime scene, without proof that the weapon furthered an independent drug trafficking offense, is insufficient to support a conviction under § 924(c)." United States v. Mann, 389 F.3d 869, 879 (9th Cir. 2004) (quoting United States v. Krouse, 370 F.3d 965 (9th Cir. 2004)). There must be "proof that the defendant possessed the weapon to promote or facilitate the underlying crime" and a "nexus between the guns discovered and the underlying offense." Id. "Whether the requisite nexus is present may be determined by examining, inter alia, the proximity, accessibility, and strategic location of the firearms in relation to the locus of drug activities," but the Court cannot rely solely on the nature of the firearms themselves. United States v. Rios, 449 F.3d 1009, 1012

---

irrelevant, given that his trial counsel did raise the claim despite the prosecution's explanation during the sentencing hearing.

ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE - 7

(9th Cir. 2006) (citing Krouse, 370 F.3d at 968). The accessibility of the gun is relevant. See United States v. Thongsy, 577 F.3d 1036, 1042 (9th Cir. 2009); Rios, 449 F.3d at 1016.

Petitioner fails to rebut the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. The gun was loaded and was readily accessible during the drug sale. CR at Dkt. #45 at 6. Trial counsel's advice to plead guilty to the charge was not deficient. Strickland, 466 U.S. at 687.

### 3. Motion for Evidentiary Hearing

Finally, petitioner requests an evidentiary hearing on his § 2255 motion. Dkt. #16. He bases this in part on the fact that multiple filings sent to him at FDC SeaTac were returned as undeliverable, because he had transferred to FCI Sheridan. Dkt. #16 at 3. He is therefore unaware of the contents of the documents at Dkts. #2-4, and Dkts. #6-12.

Dkt. #2 is a letter informing petitioner of his case number. Dkt. #3 is a sealed Court document. Dkt. #4 is an order by the Court directing the United States to answer petitioner's motion under § 2255. Dkts. #8-9 and #11 concern the dismissal of petitioner's motion under § 2255 due to the returned filings. They are no longer relevant as the case has been reopened. Dkts. #6-7, #10, and #12 are the filings at Dkts. #2, #4, #8 and #11 that were returned as undeliverable. Petitioner's rights have therefore not been impacted.

The record conclusively shows that petitioner is not entitled to relief. See 28 U.S.C. § 2255(b). No evidentiary hearing is required.

For all the foregoing reasons, petitioner's motion under § 2255, Dkt. #1, and motion for an evidentiary hearing, Dkt. #16, are DENIED. Petitioner's "Motion to Excuse Procedural Default," Dkt. #15, is DENIED as moot.

DATED this 11th day of February, 2019.

Robert S. Lasnik
United States District Judge